United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY AARON,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT SILLEN, Federal Receiver, and CALIFORNIA PRISON HEALTHCARE RECEIVERSHIP CORPORATION,<br><br>   Defendants. | No. C 08-0187 WHA (PR)<br><br>**DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate of Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in forma pauperis.

## DISCUSSION

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1 Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2 claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3 statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
4 upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations
5 omitted). Although in order to state a claim a complaint "does not need detailed factual
6 allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief'
7 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
8 of action will not do. . . . Factual allegations must be enough to raise a right to relief above the
9 speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations
10 omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on
11 its face." *Id.* at 1974.

12 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
14 that the violation was committed by a person acting under the color of state law. *West v. Atkins*,
15 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

17 Plaintiff has not provided a statement of his claim in his complaint, but instead attaches
18 his administrative appeal and incorporates it, and his habeas petitions filed in other courts, by
19 reference. This is not satisfactory. The Court will not search his various papers to try to find an
20 actionable claim; rather, it is plaintiff's job to present one. The complaint will be dismissed
21 with leave to amend for plaintiff to set out his claim in a succinct manner in one place.

22 In addition, the defendants named are the former federal receiver for the California
23 prison health care system, Robert Sillen, and the receivership corporation itself. As far as can
24 be determined from a review of the scattered materials plaintiff has provided, he has not alleged
25 any facts whatever regarding the involvement of these defendants with his claim – that is, he
26 does not say what they did or failed to do that violated his constitutional rights. He should note
27 that there is no respondeat superior liability under Section 1983, i.e. no liability under the
28 theory that a superior is responsible for the actions or omissions of an employee. Liability

under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). To state a claim against these defendants plaintiff must describe each defendant's individual actions or omissions and the resulting constitutional violation.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must be on the court's form for prisoner civil rights complaints, such as the one he used to commence this case. It must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October  3 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\AARON0187.DWLTA.wpd

3